HEARD NOVEMBER TERM, 1878.

## MONTGOMERY vs. SCOTT.

Where, in an action by the mortgagor against the mortgagee to set aside a bond and mortgage on the ground of fraud and imposition, the question whether the plaintiff was guilty of negligence in the execution of such bond and mortgage is submitted to the jury, it is error to confine the inquiry to particular acts done or omitted to be done at the time of the execution of the instruments; but the jury should be directed to inquire whether, under all the circumstances surrounding the case, the plaintiff was guilty of negligence in signing the bond and mortgage.

BEFORE PRESSLEY, J., AT RICHLAND, FALL TERM, 1878.

This is the same case of *Montgomery* vs. *Scott* which is reported at length in 9 S. C., 20, to which, as there reported, reference should be had in order to understand the case as now reported.

The appeal was heard upon a brief, which is as follows:

This cause came to trial before His Honor B. C. Pressley at the Fall Term, 1878, on Calendar No. 1, as suggested in the decree of the Supreme Court ordering a new trial. The testimony in the cause was the same as in the preceding trial of the cause.

The testimony was that at the execution of the first bond and mortgage the plaintiff, who is illiterate, requested Houston to read over the paper to her, and that it was wrongly read by him as a recognizance bond. That at the execution of the second bond and mortgage the plaintiff asked Houston whether those papers were the same as those she had already signed, and was answered by him affirmatively. The papers were not read to her.

Mr. Rhett, the attorney of the defendants, Edwin J. Scott & Son, requested His Honor, as the true construction of the decree of the Supreme Court heretofore made in the cause, to charge the jury—

That if the plaintiff, being illiterate, did not ask to have the papers executed the second time, being the bond and mortgage in

question, read over to her before signing, it was an act of negligence on her part, and she was bound by the deed as against innocent holders for value without notice, though she did not mean it.

His Honor declined to give this charge, and charged as follows:

That he regarded what was said about the reading of the paper by the Supreme Court not a specific decision on that point, but only an illustration of the degree of diligence required; and if the jury believed the circumstance of the reading of the paper in the first instance, and the inquiries by the plaintiff in the second instance, taken together, to be diligence equivalent to the reading, then they could find as a question of fact before them whether she was guilty of negligence or not.

To this charge Mr. Rhett, the attorney of the defendants, Edwin J. Scott & Son, excepted.

The verdict was for the plaintiff; that she was guilty of no negligence, and that the bond and mortgage be delivered up and canceled.

The defendants appealed.

*Rhett*, for appellants.

*Marshall*, contra.

January 18, 1879. The opinion of the Court was delivered by

McIver, A. J. This case was sent back for a new trial in order that the question (which had been ignored at the first trial) whether the plaintiff was guilty of negligence in signing the bond and mortgage in question should be determined.

This issue was referred to a jury, who were instructed by the Circuit Judge "that he regarded what was said about the reading of the paper by the Supreme Court not a specific decision on that point, but only an illustration of the degree of diligence required; and if the jury believed the circumstance of the reading of the paper in the first instance, and the inquiries by the plaintiff in the second instance, taken together, to be diligence equivalent to the reading, then they could find as a question before them whether she was guilty of negligence or not."

This instruction, to which exception was duly taken, as well as the request to charge, which was refused, that the omission by the plaintiff to ask for the reading of the papers on the second occasion

when they were executed was proof of negligence, we regard as tending to narrow the inquiries which the jury was called upon to make beyond what is contemplated by the law in such cases.

The question whether a person has been guilty of negligence is a mixed question of law and fact, and, as said by Story in his work on Bailments, Section 2, "is more a matter of fact than of law," and must be judged of by reference to all the surrounding circumstances. In 2 Kent Com., 561, it is said: "Diligence is a relative term, and it is evident that what would amount to the requisite diligence at one time, in one situation and under one set of circumstances, might not amount to it in another."

Sherman & Redfield, in their work on Negligence, at page 5, say: "Culpable negligence is the omission to do something which a reasonable, prudent and honest man would do, or the doing something which such a man would not do, *under the circumstances surrounding each particular case.*"

We think, therefore, that the minds of the jury should not have been confined to the inquiry whether any particular act was done or omitted, as the doing or the omission of such act under one set of circumstances might be the strongest proof of negligence, while under another set of circumstances such act or omission might afford very slender evidence of negligence. Hence, when, as in this case, there were many other circumstances surrounding the transaction, the jury, after being instructed as to what was negligence, should have been directed to inquire whether, under *all* the circumstances surrounding the case, the plaintiff was guilty of negligence in signing the bond and mortgage in question.

The judgment of the Circuit Court is set aside and a new trial ordered.

*Willard,* C. J., and *Haskell,* A. J., concurred.